IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKIL JOHNSON, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-15-1361 |
| | : (Judge Caldwell) |
| ATTORNEY GENERAL KATHLEEN G. KANE, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

　　　　The pro se plaintiff, Akil Johnson, an inmate at the state correctional institution in Somerset, Pennsylvania, has filed a civil-rights action.  He also seeks leave to proceed *in forma pauperis*.  Plaintiff alleges several conditions-of-confinement claims stemming from his imprisonment at the state correctional institution in Mahanoy (SCI-Mahanoy) and at the state correctional institution in Coal Township (SCI-Coal Township).

　　　　Johnson names thirty-one individuals and thirteen John Does as defendants.  The individuals identified as defendants are: Attorney General Kathleen G. Kane; Superintendent Kerestes; Deputy Superintendent Brenda Tritt; Deputy Superintendent Beggs; Sorber; Alchko; Malick; Lt. Bisco; Lt. Butts; Sgt. Gormley; Sgt. Banks; Dreher; Seibert; Grievance Coordinator Hinman; Sgt. Mac; Guntler, Teeter; Corrections Officer (CO) Murphy; CO Shultz; Bromlowski; Megan Fetterman; CO Adams; Kinney; Superintendent Mooney; Shipe; Manager Renee Foulds; Grievance Officer Anga

West; D. Varner; Bugette and Dr. Meade. Johnson also seeks leave to proceed *in forma pauperis*. (Docs. 2 and 9).

The Complaint is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Upon screening the Complaint, the court will grant Johnson's motion to proceed *in forma pauperis* but dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to his failure to state a claim on which relief may be granted against the named defendants. Johnson, however, will be granted leave to file an amended complaint specifically identifying those SCI-Mahanoy or SCI-Coal Township officials and/or medical professionals who allegedly violated his constitutional rights by denying him adequate health care, using excessive force against him, verbally threatening him, and/or confiscating his personal and legal property.

II. *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490

U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'"  *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).  Legal conclusions are "not entitled to the assumption of truth."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*,

551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.   *Background*

Johnson's Complaint is fifteen pages in length. The majority of the Complaint consists of ten pages of barely legible, single-spaced, handwritten text. The sentences are not in straight lines and flow unbroken for pages. A careful reading of the Complaint suggests the following allegations. Sometime in the winter of 2012, while at SCI-Mahanoy, Johnson was physically assaulted by another inmate, or possibly Sgt. Banks and/or CO Sibert. At some point in time he was placed the institution's Restricted Housing Unit (RHU) where he was verbally threatened by Brenda Tritt, Beggs, Sorber, Malick, Lt. Bisco, Lt. Butts, Sgt. Gormley, and Sgt. Banks. In April 2013, Lt. Dreher allegedly refused him pain medication on an unspecified date for an unspecified ailment; Johnson did receive over-the-counter medication but it was ineffective for his pain. In July 2013, Johnson filed a grievance which was denied by Jane Hinman. The topic of the grievance is not described in the Complaint. Johnson also filed a grievance with D. Varner that was denied.

-4-

In August 2013, Johnson was transferred from SCI-Mahanoy to SCI-Coal Township. Upon his arrival at SCI-Coal Township, Johnson realized he was missing a box of legal property and some personal property. Sgt. Gormley and Sgt. Kinney are mentioned in connection with this claim.

Johnson seeks fifteen million dollars in damages and injunctive relief in the form of an order prohibiting the Pennsylvania Department of Corrections from transferring him to a different facility as it would be further from his home.

IV.     *Discussion*

   A.     *Failure to State a Claim Against the Named Defendants*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil-rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. *Id.*

There are no allegations in the Complaint against the following defendants: Attorney General Kathleen Kane, Kerestes, Alchko, Mac, Guntler, Teeter, Schultz,

Bromlowski, Clayton, Adams, Mooney, Shipe, Foulds, West, Bugette or Dr. Meade. Johnson thus fails to allege their personal involvement in any of the alleged unconstitutional events set forth in the Complaint. *See Evancho,* 423 F.3d at 353. It follows that he has failed to state a claim against these defendants.

As for the remaining defendants mentioned by name in the Complaint, Johnson's claims against them do not satisfy the requirements of Federal Rule of Civil Procedure 8(a). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 93, 127 S.Ct. at 2200, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at 555, 127 S.Ct. at 1964-65.

A review of the Complaint shows that Johnson is seeking to make the following claims against these defendants: an excessive-force claim, a retaliation claim, several claims of verbal harassment, at least one claim for the denial of medical care, and a claim for the loss of his legal and personal property. The problem with the Complaint, in its present form, is that it would be difficult, if not impossible, to attempt to: (1) define all of the medical claims raised by Johnson (who was involved, what medical ailment was Johnson suffering from, who did he ask for help, what was their response, when and where did these events take place); (2) define which defendants are alleged to

-6-

be involved with each claim (assault, medical, verbal threats, retaliation or loss of property); and (3) establish the facts upon which Johnson relies to support each of his claims against each defendant (when and where did these event occur, individualized assertion of facts establishing how each defendant allegedly violated his constitutional rights). Rule 8(a) does not require that the defendants or the court, review the Complaint in its current form and guess at the substance of Johnson's claims against each defendant. Moreover, it would be impossible for a defendant to file a response to the Complaint in its present form. Accordingly, Johnson's claims against those defendants mentioned by name in the text of the Complaint (Tritt, Beggs, Sorber, Malick, Bisco, Butts, Gormley, Banks, Dreher, Seibert, Hinman, Murphy, Fetterman, Kinney, and Varner) will be dismissed for failure to comply with Fed. R. Civ. P. 8.[1]

Further, the court has some concern that Johnson is attempting to join various defendants, related or not, in one lawsuit. This would violate Fed. R. Civ. P. 20(a)(2). Rule 20, Permissive Joinder of Parties, sets forth the proper test for determining whether parties are properly joined in an action.[2] At this point it is abundantly clear that not all the named defendants, who are employed at various correctional facilities, are properly joined in this action. *See Mincy v. Klem*, 303 F. App'x

---

[1] Plaintiff has also named John Does as defendants. This is permissible (until Plaintiff discovers the real names of these defendants), but Plaintiff must also provide sufficient allegations against the John Doe defendants as well.

[2] Under Rule 20 of the Federal Rules of Civil Procedure, these disparate and unrelated defendants, "may be joined in one action as defendants [only] if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

106 (3d Cir. 2008)(nonprecedential)(joinder of 77 prison official defendants in *pro se* prisoner complaint improper under Rule 20 of the Federal Rules of Civil Procedure).

    B.    *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236.  In this instance, it is likely that Johnson will be able to cure many of the identified deficiencies by amendment.  Thus, Johnson will be granted twenty-one days to file an amended complaint.  If Johnson decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Johnson is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Johnson is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each

individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks with regard to each claim.  Johnson's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Johnson is also cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  August 18, 2015