IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKIL JOHNSON, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-15-1361 |
| | : (Judge Caldwell) |
| ATTORNEY GENERAL KATHLEEN G. KANE, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

Akil Johnson, a prisoner at the State Correctional Institution in Somerset (SCI-Somerset), Pennsylvania, filed this pro se civil-rights action on July 4, 2015. Johnson alleges several conditions-of-confinement claims arising from his incarceration at SCI-Coal Township and SCI-Mahanoy. Specifically, he claims he was physically and verbally assaulted, denied medical care, and had his personal property confiscated by prison staff. (Doc. 1). On August 18, 2015, the court screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Although he named over thirty defendants in his Complaint, he failed to allege their personal involvement in the alleged constitutional violations. (Doc. 11). Accordingly, we dismissed the Complaint and gave him leave to file an amended complaint. (Doc. 12). Presently before the court is Johnson's motion for appointment of counsel based on his indigent status, lack of education, mental illness, and because he is incarcerated. (Doc. 3).

II.  *Discussion*

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request

counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

III.    *Discussion*

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time. As noted above, we screened Johnson's original complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted. In our order we identified the deficiencies of Johnson's complaint and directed him to file an amended complaint. To date, Johnson has not filed an amended complaint. Until he files an amended complaint, the court has no ability to assess the arguable factual and legal merit of his claims for the purpose of appointing him counsel. Johnson's claims of indigence and lack of formal legal training do not prohibit him from filing an amended complaint identifying who did what to him to

him or who denied him medical care.  Likewise, the fact that he is incarcerated does not in itself warrant the appointment of counsel, given the court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  To the extent that Johnson alleges that he suffers from a mental illness, he does not provide any medical evidence to support a finding that he is incompetent or otherwise mentally incapacitated.  Additionally, his original complaint demonstrates he is literate and clearly able to communicate in written English.

Based on the foregoing, it does not appear that plaintiff will suffer prejudice if forced to prosecute this case on his own, including the filing of an amended complaint.  Accordingly, the motion for appointment of counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered.

An appropriate Order follows.

>/s/ William W. Caldwell
> William W. Caldwell
> United States District Judge

Date:  October 27, 2015